# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Richard DeHaan and Judi DeHaan, | Case No. 2:23-cv-00644-RFB-DJA |
| Plaintiffs, | |
| v. | Order |
| Hilton Grand Vacations Club, LLC, | |
| Defendant. | |

Before the Court is Defendant's unopposed motion to stay discovery. (ECF No. 11). The underlying action arises out of Plaintiffs Richard and Judi DeHaan's allegations of misconduct with regard to the sale of a vacation property ownership interest. The purchase agreement underlying the sale contains an agreement to arbitrate any claims arising out of the sale. As a result, Defendant filed a motion to compel arbitration that is currently pending. (ECF No. 7). Defendant asserts that "Plaintiffs agree that a stay of discovery is warranted given the pending Motion to Compel." (ECF No. 11 at 3).

The Court finds a stay of discovery appropriate under the good cause analysis in *Schrader v. Wynn*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021) and Federal Rule of Civil Procedure 1. The good cause analysis provides that a court may grant motions to stay discovery when a dispositive motion is pending if: (1) the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Schrader*, 2021 WL 4810324, at *4. Rule 1 provides that courts should construe the Federal Rules of Civil Procedure to secure the "just, speedy, and inexpensive determination" of every case.

The Court grants Defendant's motion to stay discovery. As a preliminary matter, the Court agrees with Defendant's argument that the pending motion to compel arbitration is dispositive for the purposes of the motion to stay discovery. Regarding the first prong of the *Schrader* test, Defendant has demonstrated that the motion to compel arbitration can be decided

without further discovery because the only issue before the Court is whether the written arbitration agreement exists.  Regarding the second prong, Defendant has demonstrated that good cause exists to stay discovery pending that motion because discovery is expensive and, if the parties conduct discovery but ultimately engage in arbitration, they will be deprived of the inexpensive and expeditious means that arbitration provides to resolve their dispute.  Given these arguments, the Court finds that a stay of discovery will promote the goals of Rule 1.

**IT IS THEREFORE ORDERED** that Defendant's motion to stay discovery (ECF No. 11) is **granted.**

DATED: May 30, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE